Slip Op. 05 - 96

UNITED STATES COURT OF INTERNATIONAL TRADE

```
- - - - - - - - - - - - - - - - - - - - - x
ARVINMERITOR, INC.,                        :

                    Plaintiff,             :

          v.                               :

THE UNITED STATES OF AMERICA; DEPARTMENT   :
OF HOMELAND SECURITY, UNITED STATES CUS-
TOMS AND BORDER PROTECTION; MICHAEL CHER-  :
TOFF, SECRETARY, UNITED STATES DEPARTMENT    Court No. 05-00461
OF HOMELAND SECURITY; ROBERT C. BONNER,    :
COMMISSIONER, UNITED STATES BUREAU OF
CUSTOMS AND BORDER PROTECTION; GEORGE      :
FREDERICK McCRAY, CHIEF, INTELLECTUAL
PROPERTY RIGHTS BRANCH, UNITED STATES      :
BUREAU OF CUSTOMS AND BORDER PROTECTION,
                                           :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - x
```

Memorandum & Order

[Motion of Eaton Corporation for leave
 to intervene as a party denied.]

Dated: August 12, 2005

Neville Peterson LLP (John M. Peterson, George W. Thompson, Curtis W. Knauss and Maria E. Celis) for the plaintiff.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Marcella Powell), for the defendants.

Miller & Chevalier Chartered (Sturgis M. Sobin, Joel W. Rogers and Charles F.B. McAleer, Jr.) for proposed intervenor-defendant Eaton Corporation.

AQUILINO, Senior Judge:    The plaintiff commenced this action with the filing of a summons and complaint on August 5, 2005, averring, among other things, jurisdiction of the court pursuant to 28 U.S.C. §1581(i)(3) and (4).

Upon initially concluding that it did in fact and law possess such jurisdiction, the court granted plaintiff's immediate application for an order, directing the defendants to appear and show cause on August 12, 2005 why a preliminary injunction should not enter against them herein and why this action should not be resolved upon an expedited schedule.

On August 11, 2005, a motion for leave to intervene as a party in opposition to plaintiff's prayers for relief was filed on behalf of Eaton Corporation, which has been a complainant pursuant to 19 U.S.C. §1337 before the United States International Trade Commission sub nom. Matter of Certain Automated Mechanical Transmission Systems for Medium-Duty and Heavy-Duty Trucks and Components Thereof, Inv. No. 337-TA-503, and from which matter this action emanates.

In accordance with USCIT Rule 7(b), counsel for the proposed intervenor certified in their motion papers that they had consulted with counsel for the plaintiff and for the defendants, whereupon the former stated that they did not oppose the motion, while government counsel consented to its grant.

At the call in open court today, August 12, 2005, of this action pursuant to plaintiff's order to show cause, the plaintiff and the defendants filed a Stipulation of Settlement and Dismissal pursuant to USCIT Rule 41(a)(1).  Counsel for proposed intervenor

Eaton Corporation appeared and were heard essentially in opposition

to the terms and conditions of the settlement.

Rule 41(a)(1) provides in part that an action may be

dismissed by the

> plaintiff without order of court (A) by filing a notice
> of dismissal . . . at any time before service by the
> adverse party of an answer or motion for summary judg-
> ment, whichever occurs first, or (B) by filing a stipula-
> tion of dismissal . . ..

The issue thus arose herein as to the import of the prior filing of

the motion to intervene, in particular given the lack of opposition

thereto on the part of either the plaintiff or the defendants.

None of the advocates at the hearing shed much light on

the issue, leaving the undersigned to conclude, after due delibera-

tion, that a court always retains jurisdiction to supervise and

administer its own docket, including the authority to decide a

motion essentially adverse to the terms of a voluntary dismissal

interposed beforehand on behalf of a person not yet granted leave

to intervene in the action.

In the exercise of that jurisdiction, the court hereby

denies the motion of Eaton Corporation to intervene as a party.

So ordered.

Dated:  New York, New York
        August 12, 2005

                                    Thomas J. Aquilino, Jr.
                                         Senior Judge